UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHAWN W. BLACKBURN,

        **Petitioner,**                               **Case No. 2:21-CV-4264**
                                                          **Judge Edmund A. Sargus, Jr.**
v.                                             **Magistrate Judge Elizabeth Deavers**

JARROD ROBINSON, WARDEN
SOUTHEASTERN CORRECTIONAL
INST ITUTION,

        **Respondent.**

<u>OPINION AND ORDER</u>

Petitioner Shawn W. Blackburn brought this habeas corpus action *pro se* under 28 U.S.C. § 2254 setting forth twelve grounds for relief. (ECF No. 1.) The case was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges. The Magistrate Judge considered the Petition (ECF No. 1), Respondent's Return of Writ (ECF No. 8), Petitioner's Traverse (ECF No. 19), and the state court record. (ECF No. 7.) The Magistrate Judge issued a Report and Recommendation in which she recommended that the action be dismissed. (ECF No. 20.)

This matter is before the Court on Petitioner's Objection (ECF Nos. 23) to the Magistrate Judge's Report and Recommendation (ECF No. 20). For the reasons set forth below, the Court **OVERRULES** Petitioner's Objection, **ADOPTS** the Report and Recommendation, and **DISMISSES** this case.

**I.**

In her Report and Recommendation, the Magistrate Judge thoroughly reviewed the factual history underlying this action. (R&R at 1–6, ECF No. 20.)

> The facts were tried to a jury in Ohio, which resulted in the following: Petitioner was convicted of one count of rape, in violation of R.C. 2907.02(A)(1)(c) with a sexually violent predator specification (Count One); two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(5) (Counts Two and Three); one count of kidnapping, in violation of R.C. 2905.01(A)(5) (Count Five); one count of obstructing justice, in violation of R.C. 2921.32(A)(4) (Count Six); and one count of obstructing official business, in violation of R.C. 2921.31(A) (Count Seven). The jury found Petitioner not guilty of kidnapping, in violation of R.C. 2905.01(A)(2) (Count Four).

(R&R at 5, ECF No. 20.)

> On June 21, 2018, the trial court held a sentencing hearing, determining:

> [The] rape charge in count one should merge with the gross sexual imposition offense charged in count two. The court also merged the obstructing justice and obstructing official business offenses (counts six and seven) and determined that the kidnapping offense (count five) did not merge with either the obstructing justice offense or the obstructing official business offense. The trial court sentenced Petitioner to serve the following prison terms, to be served consecutively to one another: (1) a mandatory eleven years to life in prison for rape (count one); (2) eighteen months for gross sexual imposition (count three); (3) eleven years for kidnapping (count five); and (4) twelve months for obstructing justice.

(*Id*. at 5–6.)

The Petitioner appealed his sentence to the Fourth District Court of Appeals, which sustained one of his assignments of error and remanded for resentencing. *Blackburn*, 2020 WL 1479608, at *9-10. On November 10, 2020, the Ohio Supreme Court declined to accept jurisdiction of the appeal.

On remand for resentencing, the trial court again merged counts one and two. The court sentenced Petitioner to a mandatory sentence of eleven years to life in prison for the rape conviction in count one, eighteen months in prison for the GSI conviction in count three, eleven years in prison for the kidnapping conviction in count five, and twelve months in prison for the obstructing official business conviction in count seven. All sentences were ordered to run consecutively to each other.

## II.

In her well-reasoned and detailed Report and Recommendation, the Magistrate Judge correctly explained that Petitioner's instant Motion does not constitute a second or successive habeas petition because it presents, not a new claim relating to the parole revocation, but a claim attacking a defect in this Court's prior resolution of the claim.  Specifically, Petitioner argues that the application of the statute of limitations which should have been excused under *McQuiggin*. In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court held that a Rule 60(b) motion presents a "claim" if it seeks to add a new ground for relief from the state conviction or attacks the federal court's previous resolution of a claim on the merits, though not if it merely attacks a defect in the federal court proceedings' integrity.  Because the instant Motion is not a second or successive petition, this Court has jurisdiction to decide it.

## II.

The Magistrate Judge set forth the appropriate standards governing the Court's consideration.

### A.     AEDPA

Because this is a habeas corpus case, provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. 104-132, 110 Stat. 1214, apply to this case. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA limits the circumstances under which a federal court may grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits in a state court proceeding. Specifically, under the AEDPA, a federal court shall not grant a writ unless the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding," 28

U.S.C. § 2254(d)(2). Section 2254(d)(1) circumscribes a federal court's review of claimed legal

errors, while § 2254(d)(2) places restrictions on a federal court's review of claimed factual

errors. This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316

(2015). Additionally, this Court's habeas review is limited to the record that was before the state

court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170 (2011).

**B.      Procedural Default**

In recognition of the equal obligation of the state courts to protect the constitutional rights

of criminal defendants, and in order to prevent needless friction between the state and federal

courts, a state criminal defendant with federal constitutional claims is required to first present

those claims to the state courts for consideration. 28 U.S.C. § 2254(b), (c). If the prisoner fails

to do so, but still has an avenue open to present the claims, then the petition is subject to

dismissal for failure to exhaust state remedies. *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per

curiam) (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)). Where a petitioner has failed to

exhaust claims but would find those claims barred if later presented to the state courts, "there is a

procedural default for purposes of federal habeas." *Coleman v. Thompson*, 501 U.S. 722, 735

n.1 (1991).

Over time, the term "procedural default" has come to describe a situation where a person

convicted of a crime in a state court fails (for whatever reason) to properly present a particular

claim to the highest court of the state so that the state has a fair chance to correct any errors made

in the course of the trial or the appeal, before a federal court intervenes in the state criminal

process. This fair presentment requirement "requires the petitioner to present 'the same claim

under the same theory' to the state courts before raising it on federal habeas review." *Hicks v.*

*Straub*, 377 F.3d 538, 552-53 (6th Cir. 2004) (quoting *Pillette v. Foltz*, 824 F.2d 494, 497 (6th

Cir. 1987)). One of the aspects of "fairly presenting" a claim to the state courts is that

a habeas petitioner must do so in a way that gives the state courts a fair opportunity to rule on the

federal law claims being asserted. That means that if the claims are not presented to the state

courts in the way in which state law requires, and the state courts therefore do not decide the

claims on their merits, neither may a federal court. As the Supreme Court found in *Wainwright*

*v. Sykes*, 433 U.S. 72, 87 (1977), "contentions of federal law which were not resolved on the

merits in the state proceeding due to [the] failure to raise them there as required by state

procedure" also cannot be resolved on their merits in a federal habeas case – that is, they are

"procedurally defaulted." It is well settled that "[a] common example of a procedural default is a

failure to raise a claim in state court in a timely manner." *Gibbs v. Huss*, 12 F.4th 544, 550 (6th

Cir. 2021).

To determine whether procedural default bars a habeas petitioner's claim, courts in the

Sixth Circuit engage in a four-part test. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986);

*see also McNeill v. Bagley*, 10 F.4th 588, 595 (6th Cir. 2021) (citing the four-part *Maupin*

standard). First, the court must determine whether there is a state procedural rule that is

applicable to the petitioner's claim and whether the petitioner failed to comply with the rule.

Second, the court must determine whether the state courts actually enforced the state procedural

sanction. Third, the court must determine whether the forfeiture is an adequate and independent

state ground on which the state can rely to foreclose review of a federal constitutional claim.

Finally, if the court determines that a state procedural rule was not complied with and the rule

has an adequate and independent state ground, then the petitioner may still obtain review of his

or her claims on the merits if the petitioner establishes: (1) cause sufficient to excuse the default

and (2) that he or she was actually prejudiced by the alleged constitutional error. *Maupin*, 785 F.2d at 138. In order to establish cause, a petitioner must show that "some objective factor external to the defense" impeded the petitioner's efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The petitioner bears the burden of showing cause and prejudice. *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001) (citing *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999)).

## III.

As the Magistrate Judge indicated in her Report, Petitioner sets forth twelve claims for relief, although the claims are somewhat repetitive. Petitioner argues that trial counsel was ineffective for failing to object to the introduction of witness interviews with law enforcement (claims one and seven), failing to object to other evidence that was unfairly prejudicial (claims two and eight), failing to object to the jury instruction regarding count six, obstructing justice (claims three and nine), and failing to obtain an independent DNA expert and analysis (claim twelve). Petitioner also alleges that his convictions for obstruction of justice, obstructing official business and kidnapping were not supported by sufficient evidence (claims four and eleven), and that the trial court erred in failing to merge those convictions at sentencing (claims five and ten). Finally, Petitioner challenges the trial court's finding that his postconviction petition was untimely, as well as the trial court's failure to make findings of fact in post-conviction (claim six). (ECF No. 1.)

The Report then carefully delineates each of Petitioner's claims (Report at p. 9–36), recommending that grounds three, four, and part of nine and eleven be denied as moot; grounds nine and eleven be denied as both moot and procedurally defaulted, because Petitioner procedurally defaulted his sixth and twelfth grounds for relief and because Petitioner makes no

attempt to establish cause and prejudice to excuse his default they too should be denied as grounds for relief; Petitioner's first, second, seventh and eighth grounds for relief lack merit and they be denied on this basis, and finally that Petitioner's double jeopardy claim is "entirely dispositive of the federal double jeopardy claim," *Jackson*, 745 F.3d at 210, therefore recommending the that Petitioner's Fifth and Tenth Grounds for relief should also be denied.

While Petitioner repeats much of his arguments presented to the Magistrate Judge, nothing in his objection calls into question her correct application of the law to the facts before this Court.

## IV.

For the reasons discussed above, the Court **OVERRULES** Petitioner's Objection (ECF Nos. 23), **ADOPTS** the Report and Recommendation (ECF No. 20), and **DISMISSES** this case. The Clerk is **DIRECTED** to **ENTER JUDGMENT** in favor of Respondent and **CLOSE** this case.

**IT IS SO ORDERED.**

**8/10/2023**                                          **s/Edmund A. Sargus, Jr.**
**DATE**                                                    **EDMUND A. SARGUS, JR.**
                                                                   **UNITED STATES DISTRICT JUDGE**